IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 38-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RANIA ELIZABETH PAYNE. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on August 17, 2015. It appearing to the Court at the call of this matter on for hearing the Defendant was present with her attorney, Ronald Justice and the Government was present and represented through Assistant United States Attorney David Thorneloe. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On June 2, 2015 a bill of indictment was issued charging the Defendant with conspiracy to manufacture a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 and with intentionally possessing pseudoephedrine and knowing and having reasonable cause to believe that that chemical would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). On August 17, 2015, the undersigned held and

1

inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the Defendant to count sixteen of the bill of indictment which charged her with possessing pseudoephedrine having reasonable cause to believe that that chemical would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). At the close of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has now entered a plea of guilty to a violation of 21 U.S.C. § 841(c)(2). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney David Thorneloe

as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Thorneloe advised the Court that such a recommendation could not be made in this matter. The undersigned cannot find there is a likelihood that a motion for acquittal or new trial will be granted due to the fact the Defendant has now entered a plea of guilty.

It would appear, and the Court is of the opinion that the Court is required by law to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: August 18, 2015

Dennis L. Howell
United States Magistrate Judge